Milo R. **MESSENGER** and Connie M. Messenger, his wife, Plaintiffs,

v.

**BUCYRUS–ERIE COMPANY**, a corporation, Defendant.

Civ. A. No. 79–1684.

United States District Court, W. D. Pennsylvania.

Dec. 31, 1980.

Robert N. Isacke, Jr., Tarasi & Tighe, Pittsburgh, Pa., for plaintiffs.

Edward C. Schmidt, Jane Watkinson, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

In this product liability case, the jury found there was a defect in the truck-crane

(hereinafter crane) manufactured by the defendant, Bucyrus-Erie Company, i. e., no back-up buzzer or back-up lights were affixed to the crane; but the jury also found that the defect was not a proximate cause of the accident which caused injuries to the plaintiff, Milo R. Messenger. Judgment was entered in favor of the defendant.

The plaintiffs move for a new trial and judgment non obstante verdicto.

■ Five reasons were assigned for new trial. Only number 5 was presented at oral argument and in plaintiffs' brief:

"5. The court erred in failing to allow plaintiff to offer opinion evidence by lay witnesses (sic) on the issue of causation."

In our opinion, the motion for new trial should be denied.

Prior to the trial, the defendant presented a Motion in Limine [1] requesting an order that the plaintiff "not be allowed to express self-serving speculative opinions such as those contained on pages 56 and 87 of his deposition." [2]

On pages 56 and 57 of his deposition, the plaintiff stated:

"If it had had a back up light, I wouldn't have got hurt. I would have been under that trailer so fast you wouldn't know what happened."

On page 87, the plaintiff stated:

"If the crane had a back up bell and a light on it I would have never been hurt today."

Previously, the court had concluded that such evidence was inadmissible.[3]

Before the jury was sworn, counsel for plaintiffs requested the court to permit the plaintiff, Milo R. Messenger, to testify as he had done in his deposition. The court agreed to reconsider its conclusion that the evidence was inadmissible (T. p. 10). Immediately after the plaintiff was sworn as a witness, his counsel requested a side bar conference and again proposed to elicit testimony from the plaintiff concerning "his

1. Motion in Limine filed September 18, 1980.

2. *Id.*

3. Transcript of Proceedings on Motion for Summary Judgment and Motion for Sanctions filed May 28, 1980, page 58.

opinion which we believe is proper under the rules with respect to what he would have done had there been a back-up buzzer or warning device on that hydrocrane truck which struck him on October 6, 1977" (T. p. 37). The court still being of the opinion that the testimony was speculative and self-serving and not opinion evidence as provided for in Rule 701, Federal Rules of Evidence, sustained the objection of defense counsel to the inadmissibility of the proffered evidence.[4]

Rule 701 limits opinion testimony of a lay witness allowing it only when it is rationally based on the perception of the witness. The offer, prior to the witness's testimony, was not based on any of his "perceptions" nor was it "helpful to a clear understanding of his testimony" since the plaintiff had not testified when the offers were made. Even expert testimony is incompetent and may not be admitted into evidence if the opinion is based on mere conjecture. *Hussey v. May Department Stores, Inc.*, 238 Pa.Super. 431, 357 A.2d 635, 637 (1976).

Thereafter, the plaintiff testified that before he walked between the crane and the trailer, he was aware that the crane was in the process of being backed up to the trailer; that it was stopped three or four feet from the back of the trailer (T. pp. 57, 61); that when he looked through the space between the trailer and the crane, he did not see the crane backing up; that he did not hear the crane backing up; that he was not aware of any indication that the crane was backing up; and, that he could not remember seeing James Fisher, the flagman, there at that time (T. p. 72).

He also testified that he had walked between the trailer and the crane twice (T. p. 69). On the second trip, he was pinned between the crane and the truck (T. p. 70).

The excluded testimony of the plaintiff was offered before he testified. It was not based on his perceptions of the factual situation which later appeared from his testimony. At the time it was offered, in the court's opinion, the testimony was a pure conclusion based on speculation, was self-serving, and contained no adequate basis of factual support. The conclusion was not based on evidence of any perceptions of the plaintiff.

The cases cited by the plaintiff were ably analyzed in the defendant's briefs and were shown not to be on point.

Moreover, the plaintiffs' expert witness Dr. Romauldi, expressed an opinion that "the cause of the accident was the absence of an audible warning system on the back of the truck [crane] that would indicate loudly, clearly, and unmistakeably signal that the truck [crane] is backing up" (T. pp. 165–166).

The doctor was also of the opinion "within the limits of engineering certainty, that the accident would not have happened had there been a back-up—audible back-up warning signal. I think it is basically logical common sense" (T. pp. 166–167).

### Motion for Judgment NOV

This motion was not argued or briefed by plaintiffs.

 It appears there is sufficient evidence of record by which the jury could have properly found that the defect in the crane was not a proximate cause of the accident. Whether or not the defect was a proximate cause is a matter within the comprehension and province of the jury.

On cross-examination, the plaintiff testified he knew the crane was to be backed within a few inches of the trailer so that they can properly operate the crane and load it (T. p. 95), and that he never heard backing up bells on the crane (T. p. 97). He was impeached by having admitted in his deposition that the flagman, Fisher, told him to "walk through." If this were found to be a fact, it was the negligence of the flagman which was a proximate cause of the accident.

---

4. Rule 701, Federal Rules of Evidence, provides:

 "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Also a witness for the defense, Willie Jones, testified that he transported plaintiff to the hospital and discussed the accident with him:

"Q. Can you tell me what he [plaintiff] said to you about the accident?

A. Well, I asked him how could he let something like that happen, or how did it manage to come about. He said Willie, I really don't know, it all happened so quick, [he] said I was jacking up a trailer and needed some blocks, and went across between the trailer and the crane, and Jim Fisher had been directing Corby [the driver of the crane] .... He said he stopped Corby, and he motioned for me to come on through. And he said, before I realized it the crane was moving back against me, before I had a chance to get out, it was on me.

Q. That was all that he said?

A. Right." [5]

The cross-examination of the plaintiff; his impeachment; his statement to Willie Jones that the accident was caused by the negligence of the flagman, whose directions the plaintiff followed; and, that plaintiff did not perceive that the crane was moving backwards was sufficient evidence for the jury to find that the defect in the crane was not the proximate cause of the plaintiff's injuries.

Even from plaintiff's direct testimony it could be found that the plaintiff knowingly placed himself in an obviously dangerous position by exiting from the back of the trailer without looking at the crane three or four feet away, which he knew was about to be backed up to within a few inches of the trailer.

In our opinion, there was sufficient evidence upon which the jury could find that the defect in the crane was not a proximate cause of the plaintiff's injuries.

An appropriate order will be entered denying the Motion for New Trial and Judgment NOV.

5. T. pp. 280–281.