898 F.2d 1452
 29 Fed. R. Evid. Serv. 918
 Robert Vernon KLOEPFER; Cindy Kloepfer, Plaintiffs-Appellants,
v.
HONDA MOTOR COMPANY, LTD.; American Honda Motors Co., Inc.;
Honda Research and Development; Honda Research
of America, Defendants-Appellees.
 No. 88-1652.
 United States Court of Appeals,
Tenth Circuit.
 March 12, 1990.
 
 Lewis R. Hansen of Hansen & Associates, Salt Lake City, Utah, for plaintiffs-appellants.
 Robert D. Maack (Robert D. Maack, Tracy H. Fowler and Debra J. Moore, formerly of Watkiss & Campbell, Salt Lake City, Utah, on the brief), Campbell, Maack & Sessions, Salt Lake City, Utah, for defendants-appellees.
 Before SEYMOUR, BARRETT and MOORE, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Robert Vernon Kloepfer and Cindy Kloepfer (Kloepfers) appeal from an adverse jury verdict and judgment thereon following a one month trial. The Kloepfers initiated this product liability action after their six-year-old son Brandon was killed while riding as a passenger on a Honda three-wheeled all-terrain vehicle (ATV) owned and operated by his uncle, Kevin Pearson. Brandon was riding without a helmet in front of his uncle on the ATV. As they proceeded up a steep hill, the ATV overturned and Brandon suffered fatal injuries.
 
 
 2
 The Kloepfers sued American Honda Motor Company, the manufacturer of the ATV, the distributor of the ATV, and the research and design entities that developed the ATV. The Kloepfers based their action on theories of negligence, strict liability, false advertising, negligent failure to warn, strict liability for failure to warn, train and advise how to operate the vehicle, and for violation of the reporting requirements of the Consumer Product Safety Act.
 
 
 3
 Defendants-appellees (Honda) defended on the basis that the ATV was not defectively designed and that its advertisements were not misleading. Honda also asserted that: the ATV was being operated in total contravention of warnings and instructions affixed to it in that Pearson had placed an unhelmeted passenger on the ATV and climbed an obviously dangerous hill, and the throttle cable of the ATV had been dangerously and improperly altered by Pearson and this drastically undermined his ability to control the vehicle.
 
 
 4
 The jury returned a verdict in favor of Honda on all counts. Kloepfers' motion for a new trial was denied by the district court.
 
 
 5
 On appeal, the Kloepfers contend that: (1) the court erred in failing to respond to a question from the jury; (2) the special verdict form was improper; (3) the court erred in excluding certain evidence; (4) the court erred in refusing to allow specific questions of Cindy Kloepfer; (5) the court erred in admitting post-accident riding activities of Pearson; (6) the voir dire was improper; and (7) Honda's defense counsel created reversible error by numerous instances of gross misconduct.
 
 I.
 
 6
 Kloepfers contend that it was reversible error for the trial court to refuse to give additional instructions to the jury. The special verdict form submitted to the jury included Interrogatory 8 which provided:
 
 
 7
 Did Honda fail to use reasonable care to adequately warn and instruct the user of the 1984 Honda 200X of non-obvious risks or dangers associated with the use of the vehicle?
 
 
 8
 During deliberations, the jury inquired of the court: "Do the words, the user, refer to all users or to Kevin Pearson specifically?"
 
 
 9
 After receiving this inquiry, the following colloquy transpired in chambers:
 
 
 10
 Mr. Maack (counsel for Honda): Your honor, I know that the evidence is in and the arguments have been made, that it probably wouldn't be wise to try and amend the form. I think we could just say that you have received the instructions and the special verdict form and therein lies your instructions and therein lies your task.
 
 
 11
 Mr. Slobodin (counsel for Kloepfers): I don't agree at all, your honor. I think that it should be made clear.... And I think that the jury should be told 'users' And I think that it is very clear and I feel strongly about that. I have had a lot of objections to this form.
 
 
 12
 The Court: Well, I know you did, Jack. But let me say this, Mr. Slobodin. I indicated to you that I would like to use the plaintiff's form if possible. If the form was inadequate, that you prepare one overnight and have it here the next morning. When I came the next morning there was no form. Now that is the problem that I was faced with. And it seemed to me that this was as good a verdict form as I had.
 
 
 13
 Mr. Slobodin: Well, what I think we tried to do was to modify their form and it just didn't work out too well as far as modifications. But that is what I recall I tried to do was to modify the form.
 
 
 14
 The Court: Well, I think I am going to suggest that we say to them that they have the evidence. They have the instructions and it is for them to draw what conclusions that they wish from that and that goes both ways.
 
 
 15
 Mr. Slobodin: All right.
 
 
 16
 * * * * * *
 
 
 17
 Mr. Slobodin: Well, I feel that it should be "users" but I made my feelings known.
 
 
 18
 R., Vol. XL at p. 2857.
 
 
 19
 After discussing the jury's question with counsel, the court responded to the jury as follows:
 
 
 20
 You have the evidence. You have the instructions. You are free to draw what conclusions you deem appropriate therefrom.
 
 
 21
 Id. at p. 2858.
 
 
 22
 Kloepfers contend that the court's statement was erroneous because it is "clear under the law that warnings for instructions for the use of products apply to persons foreseeably endangered by the products use." (Brief of the Appellants at p. 9). As such, Kloepfers contend that the court should have instructed the jury that the term "user" was to be changed to "users" and that the court's failure to so instruct gave rise to reversible error.
 
 
 23
 Honda responds that the court's response was proper inasmuch as the jury had been properly instructed on Kloepfers' negligent failure to warn claims in Instructions 35[1] and 38[2]. Honda argues, that if the "instruction given sufficiently covers the case so that a jury can intelligently determine the questions presented, the judgment will not be disturbed because further amplification is refused," quoting Investment Service Co. v. Allied Equities Corp., 519 F.2d 508, 511 (9th Cir.1975). We agree.
 
 
 24
 When examining a challenge to a jury instructions we review the record as a whole to determine whether the instructions "state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable." Big Horn Coal Company v. Commonwealth Edison Co., 852 F.2d 1259, 1271 (10th Cir.1988), quoting Ramsey v. Culpepper, 738 F.2d 1092, 1098 (10th Cir.1984). We thus consider all that the jury heard and, from the standpoint of the jury, decide "not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine these issues." Big Horn Coal Co., supra, at p. 1271, quoting Durflinger v. Artiles, 727 F.2d 888, 895 (10th Cir.1984), quoting Alloy Int'l Co. v. Hoover-NSK Bearing Co., 635 F.2d 1222 (7th Cir.1980).
 
 
 25
 Applying these standards to the facts herein, we hold that the district court did not err in refusing to further instruct the jury on Interrogatory 8. Instruction 35 specifically provided that the manufacturer of a product owes a duty to the public generally and to each member thereof who will "become a purchaser or user of the product." Instruction 35 also provided that in order to recover, the plaintiffs had to establish "that the Honda defendants were negligent in designing the 1984 Honda 200X ATC or in failing to warn users of dangers of which they were not aware or of which they should have known."
 
 
 26
 The court gave the Kloepfers the opportunity to submit their own interrogatory form but the Kloepfers failed to do so. Thereafter, the parties agreed to proceed with the form apparently submitted by Honda. In any event, Interrogatory 8, when considered in light of Instructions 35 and 38, clearly and adequately charged the jury.
 
 II.
 
 27
 Kloepfers contend that the special verdict form utilized was improper and contained numerous errors. The Kloepfers contend that the district court erred in not submitting its proffered special verdict form which has been universally accepted in Utah. The Kloepfers argue "that after the Jurors had received such extensive jury instructions, and they had been instructed as to every possible element of every cause of action by the Plaintiffs, it would have been appropriate to use the (Utah) approved special verdict form," (Brief of Appellants at pp. 15-16), and that the court's failure to use the form gave rise to reversible error. The Kloepfers argue that the special verdict form which was used was incomplete, did not contain the causes of action they had alleged, included prejudicial instructions, and was inconsistent with the general instructions given to the jury.
 
 
 28
 Honda responds that the jury instructions did not mislead the jury and that the Kloepfers waived any right to attack the special verdict form. Honda cites to Ortega v. City of Kansas City, Kansas, 659 F.Supp. 1201, 1215 (D.Kan.1987) (rev'd on other grounds, 875 F.2d 1497 (10th Cir.1989)), for the proposition:Defendants failed to object to the verdict form at trial. Ordinarily, a party waives the right to object to a faulty instruction or verdict form in a motion for a new trial if he failed to raise a timely objection before the jury retired. Lusby v. T.G. & Y Stores, Inc., 796 F.2d 1307, 1311 (10th Cir.), cert. denied, 479 U.S. 884, 107 S.Ct. 275, 93 L.Ed.2d 251 (1986). Federal Rule of Civil Procedure 51. An exception to this rule allows the court to review the erroneous instruction or verdict form only if it amounted to plain error. Fiedler v. McKea Corp., 605 F.2d 542, 548 n. 4 (10th Cir.1979).
 
 
 29
 We hold that the Kloepfers waived their right to challenge the special verdict form. As set forth in I., supra, the court afforded the Kloepfers the opportunity to submit their own verdict form. The Kloepfers declined to do so. Thereafter, counsel for the Kloepfers participated in editing the form which was submitted to the jury. As such, the Kloepfers cannot now succeed in attacking the special verdict form. In any event, there is nothing demonstrating that the special verdict form gave rise to reversible error.
 
 III.
 
 30
 Kloepfers contend that the district court erred in excluding certain evidence. We observe at the outset that an evidentiary ruling will be reversed only on a showing that the trial court abused its discretion. Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984). Furthermore, the task of balancing the probative value of evidence against the danger of confusion of the issues is one for which the trial judge, because of his familiarity with the full array of evidence in the case, is particularly suited. McAlester v. United Airlines, Inc., 851 F.2d 1249 (10th Cir.1988). Absent an abuse of discretion by the trial court, the determination of the balance to be struck in these matters will not be disturbed on appeal. Id., citing Higgins v. Martin Marietta Corp., 752 F.2d 492 (10th Cir.1985).
 
 
 31
 a.
 
 
 32
 The Kloepfers contend that the district court erred in excluding the consent decree entered into by the United States and Honda and other major ATV manufacturers. The consent decree was entered into on December 30, 1987, and concluded an investigation by the Consumer Products Safety Commission (CPSC) into all-terrain vehicle safety. The consent decree was entered without litigation, adjudication, or any admission of liability, more than three years after the ATV involved in this case was manufactured and more than two years after the accident herein.
 
 
 33
 Kloepfers argue that the consent decree was admissible under Wegerer v. First Commodity Corp. of Boston, 744 F.2d 719 (10th Cir.1984). We disagree. In Wegerer, a commodities brokerage firm and several of its principals were sued for fraudulent activities in the sale of two copper commodity contracts. Prior to the sales in question, the firm had entered into a consent decree under which the firm and its principals were enjoined from using the mails or other instrumentalities of interstate commerce to cheat or defraud anyone. In Wegerer, we held that the district court had properly admitted the consent decree for the limited purpose of showing intent and knowledge. 744 F.2d at p. 724.
 
 
 34
 The consent decree we held to be admissible in Wegerer arose approximately one and one-half years prior to the fraudulent activities complained of. The consent decree proffered by the Kloepfers, however, arose two years after the accident herein. As such, the consent decree between the United States and Honda and the ATV manufacturers was not relevant and admissible under Wegerer.
 
 
 35
 The Kloepfers also allege that the consent decree was admissible under Herndon v. Seven Bar Flying Service, Inc., 716 F.2d 1322 (10th Cir.1983), cert. denied, 466 U.S. 958, 104 S.Ct. 2170, 80 L.Ed.2d 553 (1984). In Herndon, we upheld the admissibility of a service bulletin issued over one year after the plaintiff's accident in an airplane crash. The service bulletin in question identified a defect in the plane's pitch trim switch and provided detailed instructions on how to correct the defect. Our holding in Herndon, however, was limited to the facts therein in that we held that if admitting the bulletins was error, it was harmless error because the district court had erroneously excluded certain FAA directives which should have been admitted and which would have placed the same evidence before the jury. As such, Herndon is clearly distinguishable and not controlling here.
 
 
 36
 b.
 
 
 37
 The Kloepfers contend that the district court erred in granting Honda's motion to exclude Kloepfers' cause of action for violation of the Consumer Product Safety Act (Act). In their eighth cause of action, the Kloepfers alleged that the ATV involved in the accident contained certain defects and that under the ACT, Honda was required to inform the Consumer Products Safety Commission (CPSC) of the alleged defects. The Kloepfers further alleged that Honda's failure to comply with these reporting requirements gave the Kloepfers a private cause of action to recover damages and attorney fees.
 
 
 38
 The court dismissed the Kloepfer's eighth cause of action after arguments. In so doing, the court affirmed the rulings made by the Magistrate, finding, inter alia:
 
 
 39
 The plaintiffs allege that Honda knew of defects in the all-terrain vehicle which caused the accident but failed to follow the reporting procedures outlined in Part 1115. Hence they argue that Sec. 2072 gives them a private right of action. Part 1115 is only an 'interpretation' of the Act.... The plaintiffs say a majority of courts permit private actions based on Part 1115. However, this is a question of federal law and the two highest federal courts to rule on the question have held that there is no private cause of action for violation of Part 1115. Copely v. Heil-Quaker Corporation, [818 F.2d 866] (6th Cir., May 20, 1987); Drake v. Honeywell, Inc., 797 F.2d 603, 606 (8th Cir.1986).
 
 
 40
 We find the reasoning of Drake most persuasive. There, the Eighth Circuit explained why permitting private enforcement of an interpretive rule would violate the statutory scheme and thwart Congressional intent.
 
 
 41
 (R., Vol. IV, Tab 337 at page 2).
 
 
 42
 Subsequent to briefing in our case, Drake was followed in Zepik v. Tidewater Midwest, Inc., 856 F.2d 936 (7th Cir.1988) and Benitez-Allende v. Alcan Aluminio Do Brasil, S.A., 857 F.2d 26 (1st Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1135, 103 L.Ed.2d 196 (1989). In adopting Drake, the Benitez-Allende court held:
 
 
 43
 The eighth circuit specifically held that Congress did not, in Sec. 2072(a), create a 'private right of action' based upon violation of the Commission's procedural reporting rule, a rule that basically repeats and elaborates the reporting requirements in a different statute.... The parties point to nothing in the legislative history suggesting that Congress intended a private right of action to arise whenever a manufacturer violates a statutory reporting. Yet to permit such an action would have broad substantive implications. It would mean plaintiffs could bring many (perhaps nearly all) products liability suits in federal court and obtain attorney fees by alleging that the manufacturer of the defective product should have told the Commission about the defect. It seems unlikely Congress would have intended to bring about such an important result without even mentioning the matter. We see no need to repeat here the entire Eighth Circuit's analysis. We agree with its result for the reasons it has set forth.
 
 
 44
 857 F.2d at p. 35.
 
 
 45
 We agree with Drake and those circuits that have held that there is no private cause of action under the Act for a manufacturer's failure to report to the CPSC information concerning possible defective products.
 
 
 46
 c.
 
 
 47
 The Kloepfers make a brief summary type argument that the district court erred in refusing to allow their expert, William Kitzes, to express any conclusory opinion as to the safety analysis conducted by Honda in its development of all-terrain vehicles. During trial, Kitzes' testimony was limited to an explanation of principles used in performing a safety analysis. On appeal, the Kloepfers argue that the court erred in refusing to allow Kitzes to testify as to whether the testing procedures performed by Honda were adequate or whether they were performed negligently.
 
 
 48
 Honda responds that the court's ruling limiting Kitzes' testimony should not be disturbed since (a) Kitzes' credentials and qualifications did not support his testimony beyond a basic description of safety analysis, (b) Kitzes was not qualified to testify on the basis of skill, knowledge or experience, and (c) aside from the inadequacies of his qualifications, Kitzes' opinions were based upon facts which were untrustworthy and not reasonably relied upon by experts in the field.
 
 
 49
 A trial judge has broad discretion in determining the competency of an expert witness. Brownlee v. Gay and Taylor, Inc., 861 F.2d 1222, 1225 (10th Cir.1988). The court's decision will not be overturned unless it is manifestly erroneous or an abuse of discretion. Id., citing Salem v. United States Lines Co., 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962), Karns v. Emerson Electric Co., 817 F.2d 1452, 1459 (10th Cir.1987). Having reviewed Kitzes' qualifications and testimony, we hold that the limitations placed on his testimony were not manifestly erroneous and did not give rise to an abuse of discretion.
 
 
 50
 d.
 
 
 51
 The Kloepfers contend that the court erred in not allowing into evidence certain government documents about all-terrain vehicle accidents, injuries and statistics. The Kloepfers argue that Rule 803(8)(C), Fed.R.Evid. contains a strong presumption of admissibility of government exhibits, that government exhibits are presumed reliable, that courts have interpreted Rule 803(8)(C) very broadly in allowing government documents to be admitted into evidence, and that the court's refusal to allow the documents into evidence warrants a new trial.
 
 
 52
 The court granted Honda's motion to exclude the documents based on Honda's argument that the documents in question were not relevant, the injury data was not intended to show causation, the data was not limited to three-wheelers, and the data was not limited to make, model, year or even manufacturer (R., Vol. XIV at pp. 45-46).
 
 
 53
 The district court is the first and best judge of whether tendered evidence meets the Rule 803(8)(C) standards of trustworthiness and reliability. Denny v. Hutchinson Sales Corporation, 649 F.2d 816, 821 (10th Cir.1981). The decision of the trial court will not be set aside absent an abuse of discretion. Id. Inasmuch as the proffered reports were not limited to three-wheeled vehicles, did not relate to an investigation into this accident or to the Honda model involved herein, but rather accidents, injuries and statistics involving all all-terrain vehicles manufactured by over twenty manufacturers, we hold that the district court did not err in excluding the reports. As we noted in Denny v. Hutchinson Sales Corporation, supra, "there is a real possibility that the jury would give undue deference to such evidence." 649 F.2d at page 822.
 
 
 54
 e.
 
 
 55
 The Kloepfers contend that the district court erred in excluding the testimony of Dr. Joseph Greensher. Dr. Greensher is, according to the Kloepfers, one of the pioneers of accident and injury prevention for children, qualified to testify as a children's accident preventionist. The Kloepfers argue that Dr. Greensher's testimony was relevant to their deceptive and false advertising claims against Honda and that he was qualified to analyze the accident from an "accident preventionist's" point of view. Upon objection by Honda that this case involved the operation of an all-terrain vehicle by an adult, the court ruled that the evidence was irrelevant and inadmissible.
 
 
 56
 As set forth in c., supra, the trial judge has broad discretion in determining the competency of an expert witness and his decision will not be overturned unless it is manifestly erroneous or an abuse of discretion. Brownlee v. Gay and Taylor Inc., supra. That Dr. Greensher, a pediatriacian, had previously testified as an accident preventionist in two prior cases involving a hazardous crib and hazardous choking, did not qualify him to testify as an accident preventionist in this case. Had Brandon been operating the three-wheeler at the time of the accident, Dr. Greensher's testimony may have been relevant. Here, however, Kevin Pearson was operating the three-wheeler at the time of the accident. Under these circumstances, we hold that the district court's exclusion of Dr. Greensher's proffered testimony was not manifestly erroneous nor an abuse of discretion.
 
 IV.
 
 57
 The Kloepfers contend that the district court erred when it refused to allow the plaintiff's attorney to ask Cindy Kloepfer whether she would have obeyed a proper ATV warning. The Kloepfers argue that one of the key questions on the warning issue was whether the plaintiff, Cindy Kloepfer, would have obeyed a proper warning as developed by human factors expert, Dr. Edward Karnes. As such, according to the Kloefpers, it became very important to determine whether or not Cindy Kloepfer would have obeyed a proper warning.
 
 
 58
 Honda responds that the court did not err in excluding Cindy Kloepfer's testimony. Honda argues that the court was well within its discretion in refusing to allow her to make speculative and self-serving statements to the effect that had a different warning been on the vehicle, she would not have allowed her six-year-old son to ride it. We agree.
 
 
 59
 A witness may give an opinion when he has personal knowledge of the facts. Boehm v. Fox, 473 F.2d 445 (10th Cir.1973). If a witness is not testifying as an expert, his testimony need be rationally based on his perception and helpful to determination of a fact in issue to be admissable. Greenwood Ranches, Inc. v. Skie Construction Co., 629 F.2d 518 (8th Cir.1980). Fed.R.Evid. 701(a)[3].
 
 
 60
 In Burlington Northern Railroad Company v. State of Nebraska, 802 F.2d 994, 1004 (8th Cir.1986), the court, in upholding the decision of the district court to consider "the testimony from these witnesses only to the extent that it was based on personal knowledge," held:
 
 
 61
 The district court has broad discretion in determining whether to admit opinion testimony and we overturn a ruling only for abuse of discretion.... A lay witness' testimony in the form of opinions or inferences need only be rationally based on perception and helpful to a determination of a fact in issue.
 
 
 62
 In Messenger v. Bucyrus-Erie Company, 507 F.Supp. 41, 42 (W.D.Pa.1980), cert. denied, 455 U.S. 944, 102 S.Ct. 1441, 71 L.Ed.2d 656 (1982), the plaintiff proffered the following testimony:
 
 
 63
 If it had had a back up light, I wouldn't have got hurt. I would have been under that trailer so fast you wouldn't know what happened.... If the crane had a back up bell and a light on it I would have never been hurt today.
 
 
 64
 In excluding this testimony, the court found:
 
 
 65
 Rule 701 limits opinion testimony of a lay witness allowing it only when it is rationally based on the perception of the witness. The offer, prior to the witness's testimony, was not based on any of his 'perceptions' nor was it 'helpful to a clear understanding' of his testimony--Even expert testimony may not be admitted into evidence if the opinion is based on mere conjecture.
 
 
 66
 Id. at p. 43.
 
 
 67
 Applying these standards, we hold that the district court did not err in excluding Cindy Kloepfer's proffered testimony.V.
 
 
 68
 a.
 
 
 69
 The Kloepfers contend that the district court committed reversible error in admitting evidence of the post-accident riding maneuvers by Kevin Pearson, the operator of the ATV, but refusing to allow into evidence any post-accident actions on the part of Honda following the accident.
 
 
 70
 The Kloepfers argue that evidence of Honda's subsequent remedial measure, i.e., sending a letter[4] to Pearson after the accident, should have been admitted for the purpose of proving the feasibility of precautionary measures long before the accident in question. In ruling on the admissability of the letter, the following colloquy occurred between the court and counsel for the Kloepfers:
 
 
 71
 THE COURT: So you apparently concede that it was a part of the Court's ruling that we not allow into evidence any part or portion of the consent decree. Is that right? You concede that this (letter) was a part of the consent or result of the consent decree?
 
 
 72
 MR. HANSEN: Well, it was an appendix to it.
 
 
 73
 THE COURT: All right. It was an appendix and was a part of it.
 
 
 74
 MR. HANSEN: Yes.
 
 
 75
 (R. Vol. XXXIV, p. 2110).
 
 
 76
 Inasmuch as we have held that the court did not err in excluding the consent decree and inasmuch as it is uncontested that the letter in question was part of the consent decree, the court's exclusion of the letter was proper.
 
 
 77
 b.
 
 
 78
 The Kloepfers further maintain that the court erred in allowing Honda to develop the post-accident riding activities of Pearson. The Kloepfers argue that "[s]uch evidence regarding a non-party to this litigation is irrelevant to the determination of the defectiveness of the vehicle in the product liability action under Rules 401 and 402 Fed.R.Evid." (Brief of the Appellants, p. 47).
 
 
 79
 Honda responds that the fact that Pearson continued to ride the allegedly defective vehicle after the accident was relevant in determining the condition of the vehicle at the time of the accident. Honda argues that it could only be liable under Section 402A Restatement of Torts (Second) if the vehicle was in a defective condition when it was manufactured and sold, and that any use of the vehicle before or after the accident was relevant in determining whether any substantial changes in the condition of the vehicle had occurred. Honda further argues that Pearson's post-accident conduct was also relevant to show that no warning would have altered his behavior.
 
 
 80
 Honda inquired of Pearson during direct examination if he had continued to ride the ATV after the accident. (R.Vol. XXXIII, p. 2039). The Kloepfers did not object to this line of questioning. Thereafter, the Kloepfers further developed Pearson's post-accident driving activities during cross-examination (R.Vol. XXXIV, p. 2075). Having failed to make a timely objection to the evidence at the time that it was presented and having personally developed Pearson's post-accident riding activities during cross-examination, the Kloepfers waived any right that they might have otherwise had to challenge this evidence on appeal. Farmers Insurance Co. v. Hubbard, 869 F.2d 565 (10th Cir.1989); Burnette v. Dresser Industries, Inc., 849 F.2d 1277, 1282 (10th Cir.1988).
 
 VI.
 
 81
 The Kloepfers contend that the voir dire was improperly conducted because they were denied the opportunity to inquire into insurance industry matters, the juror's exposure to media communications about frivolous lawsuits, excessive jury awards, and a "crisis in the courts." The scope of voir dire is a matter within the sound discretion of the trial court and, absent a clear abuse of discretion, the trial court will not be disturbed on appeal. United States v. Espinosa, 771 F.2d 1382, 1405 (10th Cir.1985), cert. denied, 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985).
 
 
 82
 Prior to trial, the Kloepfers filed a motion to conduct voir dire into insurance industry related matters. Thereafter, the court held a hearing to consider the Kloepfers' motion and proffered voir dire instructions (R., Vol. XV at pp. 2-11). However, neither the motion nor the proffered voir dire questions are included in our record on appeal. Under such circumstances, we are unable to review the Kloepfers challenge to the adequacy of the voir dire. Southwest Forest Industries, Inc. v. Sutton, 868 F.2d 352, 356 (10th Cir.1989) (inability to consider propriety of instructions when appellant failed to designate them as part of the record on appeal); Neu v. Grant, 548 F.2d 281, 286 (10th Cir.1977) ("Matters not appearing in the record will not be considered by the court of appeals."); Tenth Cir.R. 10.2.
 
 VII.
 
 83
 The Kloepfers contend that defense counsel created reversible error by numerous instances of gross misconduct. The Kloepfers contend that reversible error occurred as a result of Honda's counsel (1) commenting during closing arguments that Honda had a fine reputation for making solid products, (2) complimenting a juror during opening arguments about the fact that the juror was an engineer, (3) raising his voice in a loud manner while the jurors were in the next room during a sensitive discussion of Pearson's use of drugs, (4) creating an unfair impression in the minds of the jury by demanding that the entire videotape of two Honda commercials be shown during trial, and (5) quoting the "fairness rule" in the presence of the jury.
 
 
 84
 A trial court necessarily possesses considerable discretion in determining the conduct of a trial, including the orderly presentation of evidence. Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir.1987). The standard of review for alleged improper conduct of counsel is whether the district court abused its discretion in permitting counsel to make certain remarks. Durflinger v. Artiles, 727 F.2d 888, 894 (10th Cir.1984). Applying this standard to the facts herein, we hold that the challenged comments of Honda's counsel did not give rise to reversible error.
 
 
 85
 AFFIRMED.
 
 
 
 [1]
 "The manufacturer of a product which is either inherently dangerous or reasonably certain to be dangerous if negligently made owes a duty to the public generally and to each member thereof who will become a purchaser or user of the product. That duty is to exercise ordinary care to the end that the product may be safely used for any purpose for which it is used or is expressly or impliedly invited by the manufacturer. Failure to fulfill that duty is negligence."
 
 
 [2]
 "In order to prove the essential elements of Mr. Kloepfer's and Mrs. Craig's claim, the burden is on Mr. Kloepfer and Mrs. Craig to establish by a preponderance of the evidence in the case the following facts: First, that the Honda defendants were negligent in designing the 1984 Honda 200 X ATC or in failing to warn users of dangers of which they were not aware or of which they should have known. And, second, that the Honda defendant's negligence was a proximate cause of the accident."
 
 
 [3]
 Rule 701(a) provides in part:
 If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness.
 
 
 [4]
 The letter in question was sent in accordance with the consent decree entered into between the United States, Honda and other manufacturers of all-terrain vehicles