**James R. MANSFIELD, Plaintiff,**

v.

**Michael L. MILFORD, D.D.S., et al., Defendants.**

Civ. A. No. 87–1071–T.

United States District Court, D. Kansas.

June 28, 1990.

Bill Hensley, Kurt A. Harper, Sherwood, Hensley & Harper, Wichita, Kan., for plaintiff.

William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for Tony Bartello.

Darrell Kellogg, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for Michael Milford, D.D.S.

## MEMORANDUM AND ORDER

THEIS, District Judge.

■ This matter is before the court upon the motion of defendants to strike certain deposition testimony, and a motion for psychological examination of plaintiff. The nature of the case is a personal injury diversity action involving allegedly negligent dental and anesthetic surgical care that resulted in complications to plaintiff. The admission of deposition testimony is a matter of discretion for the trial court. *Alfonso v. Lund,* 783 F.2d 958, 961 (10th Cir.1986). Defendants raise two grounds in support of their motion to strike.

First, defendants contend that the deponent is unqualified to express an opinion on the issue of causation in this case, because he is not a medical doctor. Alan Gessner, Ph.D., holds a doctorate in clinical psychology and is a practicing neuropsychologist and clinical psychologist. During the deposition of Dr. Gessner, the deponent expressed an opinion as to the cause of neurobehavioral problems he had observed in plaintiff. In response to *defendants'* question regarding whether Dr. Gessner could determine medically the cause of these problems, the doctor responded:

> First, I would not determine anything medically since I'm a psychologist. I was not able to determine physiologically what the cause of the impairment was. By history from Mr. Mansfield, by inference, comparing his pre–1984 level of function with the level of function when I saw him in 1987, and the fact that there was [sic] no substantial factors that occurred between 1984 and 1987, I would infer that there was a causal relationship between the anoxia that Mr. Mansfield described to me and my findings. There were no other indications to me that would account for the degree of neuropsychological/neurobehavioral deficit.

Depo. Tr. at 12–13.

"A trial judge has broad discretion in determining the competency of an expert witness." *Kloepfer v. Honda Motor Co.,* 898 F.2d 1452, 1458 (10th Cir.1990); *Alfonso,* 783 F.2d at 962. The court finds it unnecessary to determine whether Dr. Gessner's testimony should be admitted because it is unclear at this point whether plaintiff will even choose to offer the deposition of Dr. Gessner. The court does note, however, that defendants' objection appears to be addressed to the weight to be given Dr. Gessner's opinion, rather than his competency to express this opinion. As Dr. Gessner stated in his deposition, he and a neurologist worked together in this case to determine the cause of plaintiff's problems, and Dr. Gessner's inference of causation appears to be related to his own diagnosis.

■ Defendants also contend that Dr. Gessner should be precluded from providing any expert testimony in this case because plaintiff did not provide his name to defendant within the time period set by the court for identification of expert witnesses. Defendants objection is meritless. Dr. Gessner had been identified as a *defense* witness, and presumably defendants intended to rely upon him until he gave his unexpected deposition testimony. In addition, the pretrial order lists Dr. Gessner as both plaintiff's and defendants' witness, and among plaintiff's witnesses listed in the pretrial order are included all witnesses listed by other parties. Nothing in the pretrial order prevents plaintiff from calling Dr. Gessner if plaintiff chooses.

■ Defendants have also moved for an independent examination of plaintiff by a psychologist of their own choosing. Fed.R. Civ.P. 35(a) authorizes court orders to submit to psychological examinations for good cause shown. Apparently, defendants have had some difficulty securing favorable positions from those experts upon whom defendants had intended to rely. Not only were defendants surprised by the testimony of Dr. Gessner, defendants only recently discovered the adverse position of another treating psychologist, Dr. Lisa Lewis, as well as other relevant psychological records that plaintiff had failed to pro-

duce. Moreover, it does not appear that these difficulties have been the result of dilatory or otherwise bad faith tactics on the part of defendants. Defendants aver that an independent examination is required to assist their consultant in resolving a conflict between the opinions and diagnosis of Drs. Lewis and Gessner. Defendants have made the requisite showing of good cause, and this additional discovery may also enhance the prospect for settlement. Plaintiff has filed no response, and the court will therefore grant defendants' unopposed motion. D.Kan. Rule 206(g). If necessary, defendants shall submit a proposed order, specifying "the time, place, manner, conditions, and scope of the examination" to be conducted, in accordance with Rule 35(a).

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to strike (Dkt. No. 61) be denied.

IT IS FURTHER ORDERED that defendants' motion for psychological examination of plaintiff (Dkt. Nos. 66 and 68) be granted.