943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. BRUCE, Plaintiff-Appellant,
v.
EXETER DRILLING COMPANY, a Nevada, Corporation, Defendant-Appellee.
 No. 90-8095.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1991.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff appeals from an adverse judgment entered by the district court on a jury verdict in this diversity action brought to recover damages for personal injuries he suffered in an accident on a drilling rig owned by defendant. Plaintiff's theory of liability was that defendant negligently equipped and maintained the rig by failing to provide it with an operable crown-a-matic, a safety device that allegedly would have prevented the accident that caused plaintiff's injuries.
 
 
 6
 At the close of trial, the jury completed a special verdict form, indicating its separate conclusions that $150,000 "would fully and fairly compensate the plaintiff for the injuries he sustained as a result of the accident," but that defendant did not "breach its duty of reasonable care to plaintiff by not providing a crown-a-matic on [its rig]." R.Vol. I, Doc. 64. Thereupon the district court entered judgment "[t]hat the plaintiff take nothing, that the action be dismissed on the merits, that the defendant Exeter Drilling Company recover of plaintiff its costs of action." R.Vol. I, Doc. 68. Plaintiff raises three issues on appeal:
 
 
 7
 (1) Did the Court err in allowing [defendant's] witness to testify that he attempted to meet [Wyoming] OSHA standards while forbidding [plaintiff's] witnesses from informing the jury that [defendant] failed to meet those standards or even informing the jury what those standards were?
 
 
 8
 (2) Was the special verdict form ambiguous and confusing?
 
 
 9
 (3) Did the judgment entered reflect the jury's verdict?
 
 
 10
 Before trial, defendant filed a motion in limine requesting "that Plaintiff's expert and others not be allowed to testify with regard to the standard of care being based upon [Wyoming] OSHA's standards, and further that the jury not be instructed with regard to any such standards." R.Vol. I, Doc 57 at 2. Defendant argued that because it was not plaintiff's employer, and only an employer may be cited for violation of Wyoming OSHA regulations, the standards set out in the regulations were not applicable to defendant and, thus, should not be used to measure its liability to plaintiff. Id. at 1-2.
 
 
 11
 Shortly before trial, the district court granted the motion without objection by plaintiff. This initial ruling is not challenged on appeal. However, plaintiff now contends that the district court erred in permitting defendant, over objection by plaintiff who had avoided any reference to OSHA standards in his case-in-chief at trial, effectively to withdraw the motion in limine and present testimony that defendant had considered OSHA regulations when equipping the rig, that defendant knew what the regulations required and tried to comply with them, and that Wyoming OSHA officials inspected the rig before and after the accident.
 
 
 12
 The district court made it clear that its initial order excluding OSHA-related testimony would be nullified if defendant elected to open the door on the matter and, in that event, plaintiff "would be able to fully, on rebuttal, explore that issue and produce witnesses and evidence." R.Vol.IV at 26-28; see also R.Vol. V at 15. This is, in fact, what transpired, though plaintiff chose not to dwell on the issue by conducting extensive cross-examination or by presenting any evidence in rebuttal.
 
 
 13
 The decision to admit or exclude evidence generally lies within the discretion of a district court, whose rulings in this regard will be upheld absent an abuse of that discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). A district court also has discretion to control the mode and order of presenting evidence under Fed.R.Evid. 611(a). See also Rasmussen Drilling v. Kerr-McGee Nuclear Corp., 571 F.2d 1144, 1149 (10th Cir.), cert. denied, 439 U.S. 862 (1978).
 
 
 14
 When the district court ruled that the defense could pursue the OSHA issue, he (1) ruled that the defense would open the door for plaintiff to produce rebuttal OSHA evidence and (2) indicated he would allow a reasonable time "to get the witnesses necessary to rebut [defendant's OSHA testimony] if we have to," R.Vol. V at 25. Defendant did not object. Id. at 25-27. Plaintiff, however, declined, stating only that he did not want to delay the trial. Id. at 34; see also id. at 110. The district court did not abuse its discretion concerning the OSHA evidence or in its conduct of the trial.
 
 
 15
 Plaintiff contends that the special verdict form used in this case was ambiguous and confusing for two reasons: first, it asked the jury to make a comparative negligence determination inappropriate to the circumstances of the case; and second, it required the jury to assess plaintiff's damages even if the jury found defendant had not breached its duty of care to plaintiff. We find no reversible error. Significantly, plaintiff admits that he "did not make a timely objection [to the verdict form] and so the appropriate standard of review is 'plain error,' " Brief of Appellant at 12. See Kloepfer v. Honda Motor Co., 898 F.2d 1452, 1455-56 (10th Cir.1990). Whatever the propriety of the comparative negligence question, its inclusion does not constitute plain error here, as the jury never even had to address it. See generally Lusby v. T.G. & Y. Stores, Inc., 796 F.2d 1307, 1312 n. 4 (10th Cir.) (party seeking to establish plain error has burden to show matter complained of "almost surely affected the outcome of the case"), cert. denied, 479 U.S. 884 (1986). Furthermore, asking the jury to determine damages where no liability is found is not legally inconsistent. To the contrary, such an approach serves the salutary purpose of obviating unnecessary retrial of the former issue should a new trial on liability thereafter be granted. The plain language in the special verdict form accomplished this legitimate objective.
 
 
 16
 Finally, plaintiff argues that the judgment entered by the district court in favor of defendant is contrary to the jury's verdict, in light of the jury's determination that plaintiff suffered damages in the amount of $150,000. We disagree.
 
 
 17
 The district court clearly reconciled the jury's determinations so as to render them complete and consistent. See generally Harvey ex rel. Harvey v. General Motors Corp., 873 F.2d 1343, 1347-48 (10th Cir.1989); Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1545 (10th Cir.1987). We will not disturb its reasonable construction of the verdict. Adoption of plaintiff's position would effectively nullify the jury's liability determination, while, consistent with what we have said above, the district court's construction gives due effect to the jury's determinations regarding both liability and damages.
 
 
 18
 Our review of this issue is unaffected by a juror's affidavit submitted by plaintiff, as, under the circumstances here, the use of such evidence to impeach the jury's plain verdict on liability is prohibited by Fed.R.Evid. 606(b). See United States v. Black, 843 F.2d 1456, 1464 n. 7 (D.C.Cir.1988) (juror's affidavit is incompetent to impeach verdict for internal error); see also Howard D. Jury, Inc. v. R & G Sloane Mfg. Co., 666 F.2d 1348, 1352 (10th Cir.1981) (ordinarily, even direct testimony from jurors is incompetent to impeach matters inherent in a verdict).
 
 
 19
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3