82 F.3d 421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Thomas UTT, Plaintiff-Appellant,
v.
HONDA MOTOR COMPANY, LTD.; Honda Research and Development
Co., Ltd.; American Honda Motor Company, Inc.,
Defendants-Appellees.
 No. 95-1512.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 10, 1996.
Decided April 11, 1996.
 
 Before LOKEN, REAVLEY,* and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Utt was injured when he lost control of a borrowed 1986 Honda 200X three-wheel all-terrain vehicle, ran off the gravel farm road on which he was riding, and crashed into a tree. He commenced this product liability action, alleging numerous design defects and failures to warn. A jury returned a verdict for the Honda defendants, and Utt appeals.
 
 
 2
 On appeal, Utt argues (1) that the district court erred in excluding (a) testimony by Utt's expert that, in forming his opinions, he had relied upon a preliminary report concerning all terrain vehicles compiled by an employee of the United States Consumer Product Safety Commission, and (b) documents from that CPSC report; (2) that the court should have permitted Utt to use the CPSC report in cross examining Honda's experts; (3) that the court erred in excluding a statement by a Honda representative to a United States Senate committee; (4) that the court erred in sequestering Utt's expert during the trial testimony of Honda's experts; and (5) that the court erred in giving a "sole cause" jury instruction inconsistent with Missouri comparative fault law.
 
 
 3
 After careful review of the record on appeal, we conclude that the challenged evidentiary rulings were not an abuse of the district court's substantial discretion regarding such matters and indeed were consistent with rulings upheld in Kloepfer v. Honda Motor Co., 898 F.2d 1452, 1458 (10th Cir.1990); that Utt has not shown he was prejudiced when the district court granted Honda's request under Fed.R.Evid. 615 to exclude witnesses from the trial, see Wood v. Southwestern Bell Tel. Co., 637 F.2d 1188, 1194 (8th Cir.), cert. denied, 454 U.S. 837 (1981); and that the district court's instructions were consistent with Missouri law. We further conclude that an opinion discussing these issues would have no precedential value.
 
 
 4
 Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation