**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARVIN KILLGORE,

      Plaintiff-Appellant,

v.

AGTRANS, INC., an Indiana corporation,
PORT PLAZA DISTRIBUTION, INC., a
Texas corporation,

      Defendants-Appellees,

      and

DANNY McCOLLOUGH and JOSEPH
WILTON, individually,

      Defendants.

No. 98-6342
(D.C. No. CIV-97-1623-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, Circuit Judge, **HENRY**, Circuit Judge, and **McWILLIAMS**, Senior
Circuit Judge.

      Arvin Killgore ("Killgore"), a citizen of Oklahoma, brought suit against Agtrans,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Inc., ("Agtrans"), an Indiana corporation, and its driver, Danny McCollough, ("McCollough"), an Indiana citizen, and Port Plaza Distribution, Inc. ("Port Plaza"), a Texas corporation, and its driver, Wilton Joseph ("Joseph")[1], a Texas citizen, in the United States District Court for the Western District of Oklahoma for injuries sustained in a vehicular accident which occurred when the truck he was driving collided, first, with a tractor-trailer owned by Port Plaza and driven by Joseph, causing his truck to spin out of control and then collide with another tractor trailer owned by Agtrans and driven by McCollough. Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332. At the time, Killgore was attempting to gain entry via an entrance ramp onto Interstate 35, and Joseph and McCollough were driving south on Interstate 35 at or near the entrance ramp. Killgore asked for damages in excess of $1,700,000.00 for personal injuries, loss of income and property damage sustained in the accident, which, he alleged, was caused by the combined negligence of the defendants. During the course of an ensuing jury trial, Killgore dismissed his claims against the individual defendants, Joseph and McCollough. The jury returned verdicts in favor of Port Plaza and Agtrans, finding that neither was negligent and that Killgore, himself, was 100% negligent. Judgment was duly entered and Killgore appeals therefrom. We affirm.

On appeal, Killgore complains about several evidentiary rulings made by the

---

[1]A "Joseph Wilton" is named in the complaint as a defendant. However, in his testimony at trial he stated his name was "Wilton Joseph."

district court during trial, namely, the exclusion of some of his proffered evidence and the inclusion of some of defendants' evidence.  More specifically, Killgore asserts that the district court erred in refusing to allow into evidence certain testimony of an Oklahoma Highway Patrol Trooper, Mark Nelson, who investigated the accident and was later retained by Killgore to testify on his behalf; in certifying as an expert David Wagner ("Wagner"), a defense witness; in refusing to allow cross-examination of Wagner as to his connection, if any, with Port Plaza's insurance company; and in refusing to allow into evidence certain testimony as to the condition of the brakes on the Port Plaza vehicle.  In our view none of these asserted grounds would justify setting aside the jury's verdict and ordering a second trial.

Federal Rules of Evidence 103 provides as follows:

> (a) **Effect of erroneous ruling.**  Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> (1) **Objection.**  In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
> (2) **Offer of proof.**  In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
> (b) **Record of offer and ruling.**  The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon.  It may direct the making of an offer in question and answer form.
> (c) **Hearing of jury.**  In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent

> inadmissable evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.
> (d) **Plain error.** Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

We review a district court's inclusion or exclusion of evidence for an abuse of discretion. We will not disturb the district court's determination absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or otherwise indicates a clear error of judgment. And in so doing, we give deference to the district court's evidentiary rulings. *Cartier v. Jackson,* 59 F.3d 1046, 1048 (10th Cir. 1995). Even if we find error, we will not set aside a jury's verdict unless it "prejudicially affects a substantial right of a party." *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 776 (10th Cir. 1999), *citing Sanjuan v. IBP, Inc.,* 160 F.3d 1291, 1296-97 (10th Cir. 1998). A district court also has broad discretion in determining the competency of an expert witness. The district court's decision to quality, or not qualify, a tendered witness as an expert witness will not be overturned on appeal unless it is manifestly erroneous or an abuse of discretion. *Kloepfer v. Honda Motor Company, Ltd.,* 898 F.2d 1452, 1458 (10th Cir. 1990).

Under the authorities cited, we hold that the district court's evidentiary rulings did not amount to an "abuse of discretion."

- 4 -

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge