**Patricia Ray BROWNLEE,
Plaintiff–Appellant,**

v.

**GAY AND TAYLOR, INC.,
Defendant–Appellee.**

**No. 86–1358.**

United States Court of Appeals,
Tenth Circuit.

Nov. 23, 1988.

---

James S. Phillips, Jr., Wichita, Kan., for plaintiff-appellant.

Susan P. Selvidge, Wichita, Kan., for defendant-appellee.

Before SEYMOUR and McWILLIAMS, Circuit Judges, and BOHANON, Senior District Judge.[*]

BOHANON, District Judge.

Patricia Ray Brownlee, plaintiff-appellant, appeals from a final order of judg-

---

[*] Honorable Luther Bohanon, Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

ment entered against her, and in favor of Gay and Taylor, Inc. ("Gay and Taylor"), defendant-appellee, in the United States District Court for the District of Kansas after a bench trial on claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) & (2) (1981). 642 F.Supp. 347. We affirm.

In 1971, Ms. Brownlee was employed as a bookkeeper by Kansas Claims Service, which was purchased by Gay and Taylor. Gay and Taylor is in the business of insurance adjustments. Ms. Brownlee was retained as an employee by Gay and Taylor. Between 1975 and 1977 she was given three promotions. Subsequently, she was reclassified or her job title was changed several times. During this period, Ms. Brownlee received salary increases with each promotion, change in job description, or change of title.

In 1980, cost/revenue goals were set by the Regional Vice President for all managers under his control, including Ms. Brownlee. In 1980, as a result of sub-goal performance, Ms. Brownlee was placed on probation and did not receive a raise upon her annual review. Since her performance continued to be unsatisfactory during the probationary period, she was demoted to adjuster.

At all times during her employment, Ms. Brownlee's salary was within the company's salary range, although at the lower end for the position she held. Variances within the salary ranges were based on several factors, none of which was gender. Additionally, there was no showing that gender was considered in setting Ms. Brownlee's salary. In fact Jack Dawkins, the male manager most comparable to the appellant in experience and career path, generally received less compensation than Ms. Brownlee even though he had two years more adjusting experience. Based on this evidence, the trial court found that Gay and Taylor did not discriminate against Brownlee in the terms and conditions of her employment under Title VII or the Equal Pay Act (EPA) or in any other manner.

■ Even though appellant has stated the issues in such a manner that it is difficult to determine the exact nature of the alleged error, the court will address each of her allegations. First, the appellant argues that the trial court required her to prove pretext as a prerequisite to recovery under the EPA. The appellant could have rebutted the appellee's EPA defenses by showing pretext. *See Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir.1986); *Plemer v. Parsons–Gilbane*, 713 F.2d 1127, 1137 (5th Cir.1983). And the trial court was required to make findings of fact as to whether the appellant had proved pretext under her Title VII cause of action. *See* Fed.R.Civ.P. 52(a); *see also Corley v. Jackson Police Dept.*, 566 F.2d 994 (5th Cir. 1978); *EEOC v. United Va. Bank/Seaboard Nat'l*, 555 F.2d 403 (4th Cir.1977). It was not error for the trial court to place the burden on the appellant to show pretext under Title VII and under the EPA for purposes of rebuttal.

■ Second, appellant argues that the trial court unduly restricted comparison of appellant's salary to her co-workers under the "establishment" provision of the EPA and wrongly applied that requirement to Title VII. The trial court concluded that the plaintiff has failed to establish a violation of the EPA whether the establishment was viewed as either the mid-west region or the national company. The court also found no discrimination in pay under Title VII standards. These determinations are supported by the record and the law. *See generally Bartelt v. Berlitz School of Languages of America*, 698 F.2d 1003, 1005–07 (9th Cir.), *cert. denied*, 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983).

■ Third, appellant argues that the trial court improperly ruled on the admissibility of testimony of two witnesses, namely, Penelope Thompson and John Robertson. At trial a portion of John Robertson's expert testimony was admitted over an objection. (TR. Vol. V., p. 420) From appellant's brief it appears that the argument is based on a lack of foundation of John Robertson as an expert witness. Robertson's competence as an expert witness is amply

supported by the evidence. Robertson was the Regional Vice President of the Midwest Region of Gay & Taylor, had been an adjuster for many years, had been responsible for setting and recommending salaries, and personally knew most district managers. On the other hand, there is evidence that Penelope Thompson was not qualified as an expert on the discriminatory impact of appellee's salary criteria. She had no adjusting experience, no knowledge of salary reviews and no authority to set salaries. In fact, her knowledge of company personnel practices was very limited. The trial judge has broad discretion in determining the competency of an expert witness. His decision should not be overturned unless it is manifestly erroneous or an abuse of discretion. *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962); *Karns v. Emerson Electric Co.*, 817 F.2d 1452, 1459 (10th Cir.1987); *Sanchez v. Safeway Stores, Inc.*, 451 F.2d 998, 1000 (10th Cir. 1971). Given the evidence to support his ruling, we find no manifest error or abuse of discretion.

Most of appellant's other arguments attack the trial court's finding of facts. While appellant's arguments are difficult to follow, she argues that several findings, or omissions from the findings are clearly erroneous. These include findings (1) that appellant's salary was based on gender neutral criteria, (2) that disparities in pay between appellant and her male counterparts were explainable by non-discriminatory criteria, (3) that appellant failed to produce evidence to rebut appellee's evidence of a gender neutral salary program, (4) that appellee met its burden of proof regarding appellant's "pay claims," and (5) that the trial court erred by omitting evidence relating to pretext.

All of these arguments turn on the standard of review to be applied to the trial court's findings of fact. That standard is set forth in Fed.R.Civ.P. 52 which states:

> Findings of Fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

If the trial court's findings are supportable, then the reviewing court should affirm. *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). After careful review of the record, we find that the evidence is sufficient to shield the trial court's finding from each of appellant's attacks. Appellee presented evidence that its salary program was exempt under the EPA by presenting evidence of a gender neutral salary policy. This evidence supports the trial court's findings that the salary schedules were gender neutral, that salary adjustments were based on criteria other than gender, and that appellee did not discriminate against appellant. There was no evidence that there was a deviation from the salary program as applied to the plaintiff. In fact, her progress under defendant's program was similar to her male counterparts with comparable experience. Since the trial court's findings were supported by the evidence, they must be affirmed.

Lastly, appellant prays that the pendant state claims should be considered on remand. Since this case is not being remanded, appellant's prayer is moot.

Having found that the trial court did not commit any reversible error, its decision is affirmed.