Maxine E. **ACREY**, Plaintiff,

v.

**AMERICAN SHEEP INDUSTRY ASSOCIATION**, Defendant.

**Civ. A. No. 90–F–482.**

United States District Court, D. Colorado.

June 21, 1991.

Penfield W. Tate II, Trimble, Tate & Nulan, John Mosby, Denver, Colo., for plaintiff.

John M. Husband, Brian M. Mumaugh, Holland & Hart, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

On March 22, 1990, plaintiff Maxine E. Acrey brought this civil action for damages and injunctive relief based upon alleged unlawful employment practices committed by her former employer, the American Sheep Industry Association ("ASI"). Jurisdiction is based upon 28 U.S.C.A. § 1343 (West Supp.1991). Acrey seeks relief for age and sex discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. §§ 621 *et seq.* (West 1985 and Supp.1991) and the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *et seq.* (West 1981 and Supp.1991). On March 21, 1991, a jury returned a verdict in favor of the plaintiff on her age discrimination claim. The sex discrimination claim was submitted to the court. The following constitutes our findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).[1]

**1.** Fed.R.Civ.P. 52(a) provides, in pertinent part, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall

## FINDINGS OF FACT

### I.

The plaintiff, Maxine Acrey, is a female protected by Title VII of the Civil Rights Act of 1964. The defendant, American Sheep Industry Association, is an employer covered by 42 U.S.C.A. § 2000e (West 1981 and Supp.1991). At trial, the jury determined that plaintiff had been constructively discharged, plaintiff's age was a determinative factor, and the discharge had been a willful violation of ADEA.

The evidence established that plaintiff was hired in 1984 by the American Sheep Producers Council. Her supervisor at that time was Rita Kourlis. After approximately two years, Eldon White became her supervisor. Testimony was presented by Ms. Kourlis, Mr. White, and Rodger Wasson, another supervisor, that her performance was not satisfactory. Members of ASI's outside accounting firm, Larry Dollinger, John Smith, and Paul Zulauf, indicated plaintiff's performance was often inadequate. Testimony at trial also reflected that Ms. Acrey had difficulties completing various tasks and getting along with her co-workers. Ms. Kourlis, Mr. White, and Mr. Dollinger indicated that Ms. Acrey's gender did not shape the manner in which ASI, as an organization, treated her.

On January 24, 1989, the American Sheep Producers Council merged with the National Wool Growers, forming the American Sheep Industry Association. Plaintiff resigned on September 12, 1989.

## CONCLUSIONS OF LAW

### II.

42 U.S.C.A. § 2000e–2(a)(1) (West 1981) provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual ... because of such individual's race, color, religion, sex, or national origin." Maxine Acrey has alleged that she

find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58."

was constructively discharged from ASI based upon her gender.

■ To establish a prima facia case of sex discrimination by constructive discharge, a determination must be made that the employer through illegal discriminatory acts made working conditions so intolerable that a reasonable person would feel compelled to resign. *Hirschfeld v. New Mexico Corrections Dep't*, 916 F.2d 572, 580 (10th Cir.1990); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1154 (10th Cir.1990); *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 344 (10th Cir.1986); *Price v. Federal Express Corp.*, 660 F.Supp. 1388, 1391 (D.Colo.1987); *see Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379 (10th Cir.1991). Plaintiff bears the burden of proving that she was constructively discharged by a preponderance of the evidence. *Hirschfeld*, 916 F.2d at 580.

■ With the exception of the alleged statement discussed in III B that follows, no evidence was presented that Ms. Acrey was subjected to recurrent slurs based upon her sex. *Cf. Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416–17 (10th Cir.1987); *Ebert v. Lamar Truck Plaza*, 715 F.Supp. 1496, 1498 (D.Colo.1987). Sexual harassment was never alleged. *Cf. Hirschfeld*, 916 F.2d at 580. That plaintiff often received less than stellar evaluations does not support a finding of constructive discharge. *See Garner v. Wal–Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir.1987). Even if such criticisms were unjust, such statements would not necessitate a conclusion that plaintiff was constructively discharged. *See Miller v. Aluminum Co.*, 679 F.Supp. 495, 501–02 (W.D.Pa.1988), *aff'd*, 856 F.2d 184 (3d Cir.1988). We recognize that the jury found that Ms. Acrey had been constructively discharged under the age claim. However, under our view of the evidence, plaintiff has failed to establish by a preponderance of the evidence that defendant's action made working conditions so difficult that a reasonable person in her position would feel compelled to resign. *Ramsey v. City and County of Denver*, 907 F.2d 1004, 1010 (10th Cir.1990). We sit as triers of fact on the sex discrimi-nation claim and are not bound by the jury's determination on the separate charge.

### III.

### A.

■ Assuming we found that plaintiff had been constructively discharged, we do not believe that any such discharge was based upon her gender. In Title VII cases, the ultimate burden of *persuasion* remains with the plaintiff at all times. *Kachel v. City of Pueblo*, 743 F.Supp. 749, 755 (D.Colo.1990). We do not believe that Ms. Acrey has met her burden of persuasion.

■ Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981), a three-stage analysis must be conducted. First, plaintiff has the initial burden of establishing a prima facia case of discrimination. Second, if plaintiff establishes a prima facia case, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its actions. Third, if the defendant offers such a reason, plaintiff must prove by a preponderance of the evidence that the reason offered was a mere pretext for discrimination. *Johnson v. Transportation Agency*, 480 U.S. 616, 626–67, 107 S.Ct. 1442, 1448–70, 94 L.Ed.2d 615 (1987); *Ramsey*, 907 F.2d at 1007; *Equal Employment Opportunity Comm'n v. Wendy's*, 727 F.Supp. 1375, 1382–83 (D.Colo.1989).

### B.

■ Under the first prong, plaintiff has not established a prima facia case of sex discrimination. The only credible evidence offered suggesting gender-based discrimination was the alleged statement made by Mr. White that Ms. Acrey did not fit the image of ASI because she was the wrong sex. At trial, Mr. White fervently denied making this statement. Even if we were to assume that this utterance was made, such a remark does not prove that plaintiff was discriminated against based

upon gender. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989). An isolated incident of a gender-based remark does not trigger a conclusion that discrimination occurred. *Ottaviani v. State University,* 875 F.2d 365, 369, 375–76 (2d Cir.1989), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 721, 107 L.Ed.2d 740 (1990); *see Hicks,* 833 F.2d at 1412; *see Miller,* 679 F.Supp. at 502. No other credible testimony was offered to support a finding of sex discrimination. We are persuaded by the testimony of Ms. Kourlis, Mr. White, and Mr. Dollinger which indicated that plaintiff's gender was never a factor in their dealings with her. It is significant that the evidence does not reflect disparities in salary between men and women, suggesting that gender-based discrimination was not present. *Brownlee v. Gay & Taylor, Inc.,* 861 F.2d 1222, 1225 (10th Cir.1988); *Willner v. University of Kansas,* 848 F.2d 1023, 1031 (10th Cir. 1988), *cert. denied,* 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989).

■ Even if we were to find that plaintiff had met her burden under the first prong, defendant has offered some legitimate, non-discriminatory reason for its actions. Plaintiff was not performing her duties in a satisfactory manner. *Trujillo v. Grand Junction Regional Center,* 928 F.2d 973, 977 (10th Cir.1991); *Alexander v. Gardner–Denver Co.,* 519 F.2d 503 (10th Cir.1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 793, 46 L.Ed.2d 648 (1976). Testimony revealed that plaintiff was often confused and misunderstood instructions. She made costly and expensive errors. Her interpersonal skills were deficient. She was described as hostile, autocratic, and harsh. She had problems conceptualizing the changes that would have to made upon the merger of the two organizations.

■ Finally, plaintiff did not meet her burden and rebut the asserted legitimate, non-discriminatory reasons for ASI's actions. *Brownlee,* 861 F.2d at 1224. She merely asserted that her performance was satisfactory. She never made any effort to show that the legitimate, non-discriminatory reason for defendant's conduct was a mere pretext, facade, or sham for discrimination. *Ramsey,* 907 F.2d at 1010. Her failure to address by credible evidence defendant's reason for its conduct necessitates a finding that her burden has not been met. *See Cooper v. Cobe Laboratories, Inc.,* 743 F.Supp. 1422, 1431 (D.Colo. 1990). Under the evidence and under the law, we conclude that plaintiff has failed to establish that she was constructively discharged or discriminated against based upon her gender.

## DAMAGES ON THE ADEA CLAIM

### IV.

The jury determined that defendant had discriminated against plaintiff in violation of ADEA, and the discrimination was willful. The parties stipulated that if the jury made such a determination, plaintiff would receive $76,000.00.

■ The parties reserved for the court's determination whether this award should be reduced for failure to mitigate damages. It is axiomatic that a plaintiff has a duty to mitigate damages. *John Price Assocs., Inc. v. Warner Elec., Inc.,* 723 F.2d 755, 758 (10th Cir.1983); *Reed v. Aaacon Auto Transport, Inc.,* 637 F.2d 1302, 1305 (10th Cir.1981). The effort which the aggrieved party must make to lessen damages need only be reasonable under the circumstances of the particular case. *Hidalgo Properties, Inc. v. Wachovia Mortgage Co.,* 617 F.2d 196, 200 (10th Cir.1980). While plaintiff may not have obsessively sought out other employment, she is not required to unreasonably exert herself or incur unreasonable expense. *Id.* The testimony revealed that she did make various attempts. Defendant has not satisfied its burden to establish that Ms. Acrey did not exercise reasonable diligence to mitigate her losses. *Spulak,* 894 F.2d at 1158. We are persuaded that, although not successful in her employment search, Acrey took reasonable steps to mitigate her damages. The $76,000.00 award will remain intact.

## V.

 The parties also left for the court's determination whether plaintiff would receive reinstatement or front pay on her ADEA claim. Plaintiff has indicated that she does not wish to be reinstated. Rather, she seeks front pay. While reinstatement may be the preferable remedy, plaintiff is entitled to front pay in lieu of reinstatement. *Spulak,* 894 F.2d at 1157; *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 637 (10th Cir.1988); *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1553 (10th Cir.1988); *Bruno v. Western Elec. Co.,* 829 F.2d 957, 966 (10th Cir.1987); *Smith v. Consolidated Mut. Water Co.,* 787 F.2d 1441, 1443 (10th Cir.1986); *EEOC v. Prudential Fed'l Sav. & Loan Ass'n,* 763 F.2d 1166, 1172 (10th Cir.); *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985).[2] We are persuaded that this court should not order the reinstatement of Ms. Acrey. As a practical matter, the employer's hostility toward plaintiff would seem to make a productive and amicable working relationship impossible. *Cooper,* 836 F.2d at 1553; *Prudential,* 763 F.2d at 1172. The relationship between Acrey and ASI seems to have been irreparably damaged by the institution of this legal action. *Anderson,* 861 F.2d at 638.

 Front pay is the preferable remedy in this situation. Plaintiff's salary was $36,750.00. Plaintiff has requested front pay for four years, totaling $147,000.00. Considering that Ms. Acrey is in her early fifties, with many potentially productive years ahead of her, we believe that this request for a relatively short time period is more than reasonable. *Id.* Plaintiff is awarded front pay in the amount of $147,-000.00.

## VI.

Accordingly, it is hereby ordered:

1) The clerk of the court is DIRECTED to enter judgment for plaintiff and against defendant on plaintiff's claim for age dis-

crimination under the Age Discrimination in Employment Act of 1967. Plaintiff is awarded $225,000.00 on this claim.

2) The clerk of the court is DIRECTED to enter judgment for defendant and against plaintiff on plaintiff's claim for sex discrimination under the Civil Rights Act of 1964.

3) Each party is to bear her or its own costs.

---

**2.** It should be noted that every circuit that has ruled on this issue has held that an award of front pay is permissible. *Cooper,* 836 F.2d at 1553 (noting agreement of the First, Second, Third, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits).