FILED
United States Court of Appeals
Tenth Circuit

September 19, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CYNTHIA A. CASALINA,

     Plaintiff - Appellant,

v.

RICK PERRY, in his capacity as the
Secretary of Energy,

     Defendant - Appellee.

No. 16-2264
(D.C. No. 1:13-CV-00535-KG-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

In this pay discrimination case, brought under the Equal Pay Act (EPA), 29 U.S.C.

§ 206(d), Cynthia A. Casalina appeals from a district court order that entered summary

judgment in favor of the Secretary of Energy. We exercise jurisdiction under 28 U.S.C.

§ 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Because the parties are familiar with the factual contours of Casalina's employment, we provide only a short synopsis. In August 2008, Casalina began working at the Los Alamos Field Office (LAFO) of the National Nuclear Security Administration (NNSA), which is within the Department of Energy. She was hired as a safety and occupational health manager and worked alongside Dean Decker, a general engineer/physical scientist. They "both perform[ed] tasks related to safety and health of equal complexity" and they "split work assignments 50/50." Aplt. App. at 134.

In 2010, Casalina complained of pay disparity, prompting the LAFO to order a desk audit of her position. Two classification specialists conducted the audit and reported their findings in January 2011. They concluded that the positions involved shared responsibilities, but required different educational backgrounds and professional experiences:

> [W]hile the two safety positions are similar in occupational safety and health program management responsibilities, they are not identical. They differ in both design and function of the positions, insofar as Mr. Decker's position was designed to function as a General Engineer/Physical Scientist, and it does in fact function in that manner; and Ms. Casalina's position was designed as a safety and health program manager without the requirement for professional knowledge of engineering or the physical sciences.

Aplee. Suppl. App., Vol. I at 82-83. Consequently, the classification specialists concluded that Casalina's position was properly classified as an "Occupational Safety and Health Management Series at the GS-14 grade level." *Id.* at 83.

In 2014, Casalina filed suit. She alleged that the Secretary violated the EPA by paying her "approximately $35,000 less annually than [he] pa[id] Mr. Decker" for work

2

"requir[ing] equal skill, effort and responsibility" and performed under similar conditions. Aplt. App. at 16. "[T]he EPA prohibits a disparity in pay between men and women 'except where such payment is made pursuant to'" a prescribed affirmative defense. *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1312 (10th Cir. 2006) (quoting 29 U.S.C. § 206(d)(1)).

On the Secretary's motion for summary judgment, the district court determined that Casalina had raised a triable issue of fact as to whether the work she performed was substantially equal to the work Decker performed. But despite that prima facie showing of pay discrimination, Casalina could not, the district court said, overcome the Secretary's affirmative defense that the pay disparity resulted from a factor other than sex. Specifically, the district court noted that Decker was paid more because of his "greater total years of experience, his longer tenure as a federal governmental employee, and [his] placement in the Excepted Service pay plan." *Id.* at 101. Accordingly, the district court granted the Secretary's motion, prompting this appeal.

## DISCUSSION

We review de novo a district court's order granting summary judgment. *Koch v. City of Del City*, 660 F.3d 1228, 1237 (10th Cir. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Secretary does not contest on appeal that Casalina has met her summary judgment burden of raising a prima facie EPA case by showing that "she was performing work which was substantially equal to that of [Decker]," *Riser v. QEP Energy*, 776 F.3d

3

1191, 1196 (10th Cir. 2015) (internal quotation marks omitted). Instead, the Secretary raises the affirmative defense that the pay "differential [was] based on any other factor other than sex." *Id.* at 1198 (internal quotation marks omitted). To succeed, the Secretary must clearly prove that the wage differential is in fact explained by the reasons given so that no rational trier of fact could find to the contrary. *Id.* at 1198. Casalina may "rebut[ ] the [Secretary's] EPA defense[ ] by showing pretext." *Brownlee v. Gay & Taylor, Inc.*, 861 F.2d 1222, 1224 (10th Cir. 1988). The record supports the Secretary's "other than sex" affirmative defense.

First, when Casalina was hired to work at LAFO, she had roughly sixteen years of experience as an industrial hygienist for the federal government. Decker, on the other hand, brought twenty-two years of that type of experience to LAFO when he was hired as a general engineer/physical scientist. Moreover, Decker had a more extensive educational background in the physical sciences. And by the time Casalina was hired in 2008, Decker had accumulated twenty-seven years of relevant experience compared to her sixteen years. "[A]n employee's prior experience is a factor 'other than sex' for purposes of the Equal Pay Act." *Mickelson*, 460 F.3d at 1312.

Second, Decker was hired under the Excepted Service Plan, whereas Casalina was hired—five years after Decker—under a salary plan known as the Demonstration Project. The former plan was implemented to recruit and retain "no more than 300" "highly qualified scientific, engineering, and technical personnel . . . without discriminating based on . . . sex." Aplee. Suppl. App., Vol. I at 22, 23. The latter plan, which began shortly before Casalina's hiring, was implemented to "improve[ ] Federal [human resources]

4

management" by using a "pay-for-performance system." *Id.* at 71, 72. It is undisputed that the two salary plans were designed to achieve different goals in the hiring and retention of employees. Where a pay differential is not based on sex, but rather, is "attributable to the existence of two distinct salary programs, neither of which had sex discrimination as a purpose or as an effect," the EPA is not violated. *Equal Emp't Opportunity Comm'n v. Aetna Ins. Co.*, 616 F.2d 719, 726 (4th Cir. 1980) (footnote omitted); *see also Riser*, 776 F.3d at 1198 ("A bona-fide, gender-neutral pay classification system constitutes a 'factor other than sex' under the EPA.").[1]

Third, Casalina's predecessor, Dave Barber, had six more years of industrial hygienist experience than Casalina when he was hired. But like Casalina, he was ineligible for the Excepted Service Plan and was compensated at the GS-14 pay level. Evidence that a male predecessor "received similar [compensation] treatment" indicates that the EPA is not violated. *Morgado v. Birmingham-Jefferson Cty. Civil Def. Corps*, 706 F.2d 1184, 1189 (11th Cir. 1983).

Casalina maintains that the Secretary's reliance on the "other than sex" affirmative defense is pretextual because the Secretary took inconsistent positions in the district court by claiming on the one hand that she and Decker did not perform substantially equal

---

[1] Casalina argues that the Secretary cannot rely on the different salary classification systems to support the pay differential with Decker because she performed the same work as Decker. But a pay gap resulting from a salary classification may properly "be explained by legitimate business-related differences in work responsibilities and qualifications for the particular positions at issue." *Riser*, 776 F.3d at 1199 (internal quotation marks omitted). Thus, even though there is a triable issue as to whether Decker and Casalina performed substantially equal work, it is undisputed that Decker's qualifications exceeded Casalina's.

work, and on the other hand that Decker's superior qualifications justified the pay differential. But Casalina did not raise this argument below, and she has not argued for the application of plain-error review on appeal. The argument is, therefore, waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128, 1130-31 (10th Cir. 2011).[2]

Next, Casalina derives pretext from the fact that "no number of years of service in her position would ever let her achieve the same pay" as Decker. Aplt. Opening Br. at 20-21. While "the size of the pay differential" in an EPA case may be relevant to "determining whether equal pay is being paid for equal work," *Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771 (7th Cir. 2007), Casalina does not explain how quantifying the pay differential between her and Decker illustrates pretext. Decker was hired under a different salary plan and he possessed greater experience and education. Casalina's inability to match Decker's pay level through years of service alone does not reflect on the reason for the wage disparity with Decker. *Cf. Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1233 (10th Cir. 2000) ("Our role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments." (internal quotation marks omitted)).

Finally, Casalina asserts that pretext is shown by (1) LAFO's retracted determination prior to her current employment that she was qualified for a different position as a general engineer/physical scientist; and (2) LAFO's "remov[al] from the

---

[2] In any event, the Secretary merely advanced alternate positions: either the work was different (i.e., no prima facie case); or, if the work was substantially equal, then the wage disparity was justified by a reason other than sex (i.e., an affirmative defense). The Secretary's use of alternate positions within the analytical framework established for EPA claims does not suggest pretext.

initial draft of the desk audit report" of "a suggestion[ ] . . . [to] re-classify her position to a [higher] pay band," Aplt. Opening Br. at 10. Casalina contends these facts show her "educational qualifications" do not justify a pay differential with Decker. *Id.* at 23. But these two facts neither indicate a comparable educational background with Decker nor address Decker's greater experience.

Because Casalina has failed to identify a triable issue of fact as to whether the Secretary's "other than sex" affirmative defense is merely a pretext for discrimination, the Secretary was entitled to summary judgment.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7