**Robert SIMPSON, Plaintiff,**

**v.**

**BIO–WASH PRODUCTS, INC., Defendant.**

**No. 3:01CV82(WWE).**

United States District Court, D. Connecticut.

Nov. 1, 2001.

Joseph W. Christiano, III, Bridgeport, CT, for Robert Simpson.

Patrick M. Mullins, Gregory C. Goodstein, Morrison, Mahoney & Miller, LLP, Hartford, CT, for Ring's End, Incorporated.

Robert B. McLaughlin, Cartafalsa & Shields, Wallingford, CT, James E. Wildes, Sizemore Law Offices, North Haven, CT, for Bio–Wash Products, Inc.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

The plaintiff, Robert Simpson, seeks to hold the defendant, Bio–Wash Products, liable for injuries allegedly caused by a product manufactured by defendant. Plaintiff asserts three federal claims for relief, alleging that defendant violated the reporting requirements of the federal Consumer Products Safety Act, 15 U.S.C. Section 2051 *et seq.*. In the second amended complaint, count one alleges that after the date of the accident, an agent of defendant acknowledged that he knew of the problem with that particular type of bottle. Nevertheless, prior to plaintiff's accident, defendant failed to inform the Consumer Product Safety Commission as required by 15 U.S.C. Section 2064(b) and in violation of 15 U.S.C. Section 2068(a)(4). Count two alleges that despite defendant's knowledge of plaintiff's accident, defendant failed to notify the Consumer Product Safety Commission as required by 15 U.S.C. Section 2064(b) and in violation of 15 U.S.C. Section 2068(b). Count three alleges that, as a result of defendant's failure to notify the Consumer Product Safety Commission of the product defect, plaintiff suffered severe injury to his face and eyes, for which injuries defendant should be liable pursuant to 15 U.S.C. Section 2072.

Plaintiff asserts two state law claims, alleging that defendant is liable pursuant to the Connecticut Products Liability Act, Connecticut General Statutes Section 52–572m *et seq.* Specifically, count four alleges that defendant failed to warn of an unreasonably dangerous product, misrepresented that the product was safe for use by the public, and negligently failed to test the product prior to marketing it. Count five alleges that defendant failed to warn, notify or recall the product and acted with reckless disregard for the safety of the product users.

In his prayer for relief, plaintiff seeks an injunction pursuant to 15 U.S.C. Section 2071 to restrain defendant's violations, damages pursuant to 15 U.S.C. Section 2072, an assessment of civil penalties pursuant to Section 2069, attorneys' fees and costs pursuant to Sections 2072 and 2073, and damages, punitive damages and attorneys' fees as provided by Connecticut General Statutes Section 52–572m *et seq.*

Plaintiff asserts federal jurisdiction based on the existence of a federal question and diversity of citizenship.

Defendant has moved for dismissal of the complaint in its entirety. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

The following facts are reflected in the allegations of the complaint, which facts are taken as true for purposes of ruling on this motion.

Plaintiff is an individual residing in Connecticut, who works as a customer service person in the paint department at Ring's End, a lumber yard and paint store in Darien, Connecticut. Defendant is a corporation formed under the laws of Canada, where it has its principal place of business. Defendant manufactures, markets and distributes wholesale wood care products, including chemical paint strippers.

Plaintiff was reading the label of a one gallon bottle of Stripex–L in order to answer a customer's question. While he was turning the bottle on the shelf, the bottle spontaneously exploded, causing its contents to cover plaintiff's face, eyes and skin. As a result of the exposure, plaintiff sustained permanent injury to his eyes.

Subsequent to this event, Al DePasquila, an agent of defendant, was visiting Ring's End in Darien, where he learned of the plaintiff's injury. He indicated that defen-

dant had experienced problems in the past with that type of bottle.

Later, Peter Palkousky, President of defendant, acknowledged that the defendant knew of the problem with the particular type of bottle that caused plaintiff's injury.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof". *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## FEDERAL CLAIMS

Plaintiff alleges that Stripex–L constituted a substantial product hazard as defined by 15 U.S.C. Section 2064(a)(1) and (2), and that the defendant failed to inform the Consumer Product Safety Commission as required by 15 U.S.C. Section 2064 and 16 C.F.R. Part 1115.10.

### Claim for Injunctive Relief Pursuant to Section 2071

■ In the prayer for relief stated in the second amended complaint, plaintiff seeks, pursuant to 15 U.S.C. Section 2071, to restrain defendant's violations of the Consumer Products Safety Act's reporting requirements as alleged in counts one and two. However, as pointed out by defendant, Section 2071 provides that enforcement of the Act's reporting requirements lies with the Commission or the Attorney General. Accordingly, plaintiff's claim for injunctive relief based on violation of the Act's reporting requirements will be dismissed.

### Claim for Damages Pursuant to Section 2072

Defendant urges dismissal of plaintiff's claim for damages pursuant to 15 U.S.C. section 2072, arguing that no private cause of action for damages lies for violations of the reporting requirements in the Consumer Product Safety Act.

The Consumer Product Safety Act requires manufacturers, distributors and retailers of consumer products to inform the Commission immediately when they obtain any information suggesting that a product they make or distribute "contains a defect which could create a substantial hazard." 15 U.S.C. Section 2064(b).

Further, the Act provides for recovery of damages for any person who sustains "injury by reason of any knowing (including willful) violation of a consumer product safety rule or any other rule or order issued by the Commission. . . ." 15 U.S.C. Section 2072.

The Second Circuit has not reviewed whether the Consumer Product Safety Act creates a private cause of action for an injury allegedly resulting from noncompliance with the statute's reporting rules. However, several circuits that have considered the issue have answered in the negative. *See Kloepfer v. Honda Motor Company, Ltd.*, 898 F.2d 1452, 1457 (10th Cir. 1990) and cases cited therein.

■ Most courts have adopted the analysis of *Drake v. Honeywell*, 797 F.2d 603, 606 (8th Cir. 1986), in which the Eighth Circuit held that Section 2072 did not create a "private right of action" based upon violation of the statutory reporting requirements in light of the absence of spe-

cific statutory language and legislative history to that effect. *Drake* instructs that the Commission's interpretive rules of the Act's reporting requirements, 16 C.F.R. Part 1115.10 *et seq.*, cannot constitute a basis for liability under Section 2072. As the court elaborated, interpretive rules amount to no more than restatements of statutory provisions, and failure to distinguish between legislative and interpretive rules would frustrate the congressional intent evidenced by Section 2072's omission of a right to sue for statutory violations. In light of this analysis and the weight of authority adopting *Drake*, the court is persuaded that Section 2072 does not confer a private right of action for violation of the statutory reporting requirements. The motion to dismiss will be granted on this ground.

### Civil Penalties

 Plaintiff's prayer for an assessment of civil penalties pursuant to Section 2069 will also be dismissed. As defendant asserts, civil penalties provided for in 15 U.S.C Section 2069 can only be assessed by the government. *Plaskolite, Inc. v. Baxt Industries,* 486 F.Supp. 213 (N.D.Ga. 1980).

### Attorneys' Fees

Since plaintiff's requests for reasonable attorneys' fees pursuant to sections 2072 and 2073 is dependent on the existence of plaintiff's claims for damages and injunctive relief, respectively, such requests will also be dismissed.

### STATE LAW CLAIMS

Defendant asserts that the Court should exercise its discretion to dismiss plaintiff's state law claims in the event that plaintiff's federal claims are dismissed. However, defendant's argument is now moot since plaintiff has amended his complaint to assert diversity jurisdiction pursuant to Section 28 U.S.C. Section 1332.

Accordingly, the court's jurisdiction over plaintiff's state law claims is proper.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss [doc. # 5] is GRANTED in part and DENIED in part. Plaintiff's federal claims for damages pursuant to Section 2072, for injunctive relief pursuant to Section 2071, for an assessment of civil penalties pursuant to Section 2069; and for attorneys' fees pursuant to Sections 2072 and 2073 are dismissed. Plaintiff is instructed to file an amended complaint asserting only his state law claims in compliance with this ruling within 20 days of this ruling's filing date.

So Ordered.