**Michel J. MESSIER, Plaintiff,**

v.

**UNITED STATES CONSUMER PRODUCT SAFETY COMMISSION, Defendant.**

**File No. 2:09–CV–298.**

United States District Court,
D. Vermont.

Sept. 10, 2010.

Michael J. Messier, Rutland, VT, pro se.

Carol L. Shea, United States Attorney's Office, Burlington, VT, Drake Cutini, Esq., U.S. Department of Justice, Washington, DC, for Defendant.

### OPINION AND ORDER (Doc. 5)

WILLIAM K. SESSIONS III, Chief Judge.

Plaintiff Michel Messier, proceeding *pro se*, has filed a Complaint asking the Court to compel enforcement by the United States Consumer Product Safety Commission ("CPSC" or "Commission"). Messier's concern is that lithium ion batteries used in laptop computers have allegedly caused injuries, and that the CPSC's response has been insufficient. Messier proposes that enforcement activities target two corporations, Sony and Dell, and that the Court either "determine [the] appropriate level of penalties and allocation of penalty expenses and recoveries" to be imposed by the CPSC, or "cause the Department of Justice's Office of Consumer Litigation to pursue settlement negotiations with Dell and Sony." (Doc. 1 at 6).

The CPSC has moved to dismiss the Complaint, arguing that the Court has no jurisdiction to compel enforcement. The CPSC also argues that Messier has no standing to sue, as he has failed to allege any injury resulting from actions taken by the CPSC. For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED.

### Factual Background

The Complaint claims that lithium ion batteries are subject to short circuits. These short circuits can allegedly result in burns, shocks, and other hazards. (Doc. 1 at 3). Messier contends that the CPSC is aware of these dangers, as their records allegedly "contain more than 700 incident reports, including more than 100 with human health effects." *Id.* Because of such incidents, lithium ion batteries have be-

come the subject of " 'the largest recall(s) in consumer electronics history' per the [CPSC]." *Id.*

Messier claims that Sony and Dell have known of the dangers of lithium ion batteries for nearly 20 years, but failed to report their knowledge in a complete and timely manner. *Id.* He further claims that the CPSC's enforcement activities have been inadequate. He thus maintains that judicial action is required. *Id.* at 5.

With respect to the CSPC's response to the safety issue, the Complaint includes a press release from the CPSC announcing a recall of 35,000 lithium ion batteries used in Hewlett–Packard, Toshiba and Dell notebook computers and manufactured by Sony Energy Devices Corporation. (Doc. 1–5 at 2). Messier also asserts that the CPSC has issued notices of reporting obligations (Doc. 1 at 3), and has corresponded with Sony and Dell for several years with respect to those reports (Doc. 7 at 1, 5, 7–8). The Complaint further attaches a September 15, 2009 letter to Messier from a trial attorney at the CPSC, thanking him for forwarding information about lithium ion battery toxicity and declining to take additional action.

> Based on its review, the staff of the U.S. Consumer Product Safety Commission's Office of Compliance and Field Operations does not believe that the information you provided necessitates action at this time under the Consumer Product Safety Act or the Federal Hazardous Substances Act. The staff's conclusion is based on the information you provided, and the staff will assess new information it may receive.

(Doc. 1–8 at 2).

Messier filed his Complaint in this Court on December 31, 2009. He claims to have suffered injuries as the result of lithium ion batteries, and that as an injured person he has a private right to seek

enforcement. The Court takes judicial notice of the fact that Messier filed a prior action against Sony and Dell in the United States District Court for the District of New Hampshire, and that summary judgment was entered in favor of the defendants. *See Messier v. Dell Computer Corp.,* 2007 WL 1321676, at *1 (D.N.H. May 3, 2007) (denying motion for reconsideration).

As noted above, Messier is now seeking "a jury trial to [hear] all evidence and determine [the] appropriate level of penalties and allocation of penalty recoveries and expenses the [CPSC] should impose on Sony and Dell for the benefit of the [CPSC], U.S. taxpayers, consumers, and plaintiff." (Doc. 1 at 6). In the alternative, he asks the Court to order the Department of Justice to enter into settlement negotiations with Sony and Dell. *Id.*

### Discussion

### I. *Standard of Review*

The CPSC moves to dismiss the Complaint under Fed.R.Civ.P. 12(b)(1), arguing that the Court has no subject matter jurisdiction. Specifically, the CPSC argues that the Court has no jurisdiction to compel enforcement, since absent a complete abdication of its duties, enforcement is left to the absolute discretion of the agency. The CPSC also submits that Messier "has alleged no injury he is suffering as a result of any action of the CPSC, nor does he allege any injury that would be redressed by the relief he is seeking." (Doc. 5 at 7).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110,

113 (2d Cir.2000). In evaluating a motion to dismiss under Rule 12(b)(1), the Court accepts as true all factual allegations in the Complaint, but should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir.2004). The Court may also consider evidence outside the pleadings, such as affidavits and other documents. *See Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir.2005).

### II. *Jurisdiction*

The CPSC is a creation of the Consumer Product Safety Act, 15 U.S.C. §§ 2051–83 (the "CPSA" or "Act"), which is designed to protect the public from dangerous consumer products. 15 U.S.C. § 2051(b). Among other things, the Act requires manufacturers, distributors and retailers to inform the CPSC of information suggesting that one of their products: fails to comply with a CPSC rule or standard that is relied upon or enforced by the Commission, "contains a defect which could create a substantial hazard," or "creates an unreasonable risk of serious injury or death." *Id.* at § 2064(b).

Messier claims that Sony and Dell have failed to adhere to the Act's reporting requirements. He also claims that Sony and Dell did not comply with CPSC orders requiring such reporting. (Doc. 7 at 5, 7 and 9). He asserts that the CPSC has failed to take adequate enforcement action, and asks the Court to step in and determine appropriate penalties. In order to do so, the Court must have jurisdiction to review the CPSC's conduct.

There is a general presumption against judicial review of enforcement-re-

lated decisions by government agencies. *See New York Pub. Interest Group v. Whitman,* 321 F.3d 316, 331 (2d Cir.2004) (reasoning that presumption "avoids entangling courts in a calculus involving variables better appreciated by the agency charged with enforce[ment]"). Indeed, the Supreme Court has

> repeated time and again [that] an agency has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–845, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). That discretion is at its height when the agency decides not to bring an enforcement action. Therefore, in *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), we held that an agency's refusal to initiate enforcement proceedings is not ordinarily subject to judicial review.

*Massachusetts v. E.P.A.,* 549 U.S. 497, 527, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). Specific to the facts of this case, the Second Circuit has held that a court has no jurisdiction to review an agency's denial of a "request for enforcement action." *Riverkeeper, Inc. v. Collins,* 359 F.3d 156, 158 (2d Cir.2004).

Despite the strong presumption against judicial review of agency determinations, Messier now claims that as a person who has suffered an injury, he is an "interested party" with a right to seek civil or criminal penalties under the CPSA and the Federal Hazardous Substances Act (15 U.S.C. § 1261 *et seq.* ). His arguments are misplaced, however, as none of the statutory provisions cited in his filings gives him a private right of action to compel enforcement.

Messier's first citation in support of his claim to federal court jurisdiction (Doc. 7 at 4) is 15 U.S.C. § 2073, which allows an interested party to bring an action under the CPSA against a private party. 15 U.S.C. § 2073(a). The CPSC is not a private party, and nothing in § 2073 provides for an action against the Commission itself.

Messier next claims that the Court may take jurisdiction under 15 U.S.C. §§ 1267 and 2071 (restraint of violations) and §§ 1264 and 2069 (assessment of civil penalties). (Doc. 7 at 15); (Doc. 10 at 16). Again, his reliance on these statutes is misplaced, as they only authorize enforcement by the United States or the CPSC itself, and provide no private right of action for injunctive relief. *See* 15 U.S.C. §§ 1268; 2069(b) & (c); 2071(a); 2076(b)(7); *e.g. Simpson v. Bio–Wash Products, Inc.,* 172 F.Supp.2d 372, 374 (D.Conn.2001) ("Section 2071 provides that enforcement of the Act's reporting requirements lies with the Commission or the Attorney General. Accordingly, [private] plaintiff's claim for injunctive relief based on violation of the Act's reporting requirements will be dismissed.").

More generally, it is plain that 15 U.S.C. § 2064, which requires companies to report information about unsafe products, contains no provision for a private action. *See Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F.Supp.2d 821, 830 (S.D.N.Y.2008). To the extent that the Act requires compliance with CPSC rules or orders, the CPSC submits that no such rules or orders have been issued with respect to lithium ion batteries "because it usually obtains compliance under section 2064 voluntarily." (Doc. 9 at 3).

Messier further argues that there is federal court jurisdiction because the CPSC has "abdicated" its regulatory and enforcement responsibilities. This argument arises out of a footnote in the Supreme Court's 1985 *Chaney* decision. In *Chaney,* the Court remarked that

[w]e do not have in this case a refusal by the agency to institute proceedings based solely on the belief that it lacks jurisdiction. Nor do we have a situation where it justifiably could be found that the agency has "consciously and expressly adopted a general policy" that is so extreme as to amount to an abdication of its statutory responsibilities. *See, e.g., Adams v. Richardson,* 156 U.S.App. D.C. 267, 480 F.2d 1159 (1973) (en banc). Although we express no opinion on whether such decisions would be unreviewable under § 701(a)(2), we note that in those situations the statute conferring authority on the agency might indicate that such decisions were not "committed to agency discretion." 470 U.S. at 833 n. 4, 105 S.Ct. 1649.

In *Riverkeeper,* the Second Circuit considered the *Chaney* footnote and observed that "[n]o party has directed us to, nor can we locate, a decision by a court of appeals that has found, in performing the *Chaney* analysis, a federal agency to have abdicated its statutory responsibilities." 359 F.3d at 170 n. 17. *Riverkeeper* went on to state that an agency "can be viewed as abdicating its statutory duties ... only if it has established a policy not to protect adequately public health and safety...." *Id.* at 168. The court determined that if a plaintiff can show that an agency had "indisputable proof" that the general purpose of the relevant statute was not being met "and nonetheless decided it would do nothing to address the situation, [the plaintiff] might then plausibly charge that [the agency] had 'abdicated' its statutory responsibility." *Id.* at 168. In a footnote accompanying that text, the Second Circuit cited the Fifth Circuit's statement that " '[r]eal or perceived inadequate enforcement of [the] laws does not constitute a reviewable abdication of duty.' " *Id.* at 168 n. 15 (quoting *Texas v. United States,* 106 F.3d 661, 667 (5th Cir.1997)).

In this case, it is apparent from the face of the Complaint and its attachments that the CPSC has requested information from both Sony and Dell on a regular basis, and has participated in at least one major recall of lithium ion batteries. Based upon these facts, the Court cannot conclude that the CPSC made a policy decision to do nothing about the safety of such batteries, and as a result has abdicated its statutory duties. Instead, this case involves a private plaintiff's perception of the CPSC's response. Given the CPSC's obvious involvement in the lithium ion battery issue, and as suggested by the Fifth Circuit, Messier's criticisms of that involvement do not grant this Court jurisdiction to review the agency's actions.

 Furthermore, as the CPSC properly argues, Messier has not identified any injury suffered as a result of action, or inaction, by the Commission, and therefore has no standing to being a claim for enforcement. To meet the "irreducible constitutional minimum of standing" under Article III, a plaintiff must show: (1) that he has suffered an injury which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the alleged injury and conduct that is fairly traceable to the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Accordingly, in order to have standing to file suit against the CPSC, Messier must show some form of injury that has resulted, or will result, from the Commission's conduct. *Id.* He has made no such showing.

The Court offers no opinion as to whether Messier has been injured by a lithium ion battery, as that is not the issue here.

The question currently before the Court is whether the CPSC has caused him any cognizable injury. *See Shain v. Ellison,* 356 F.3d 211, 215 (2d Cir.2004). In *Lujan,* the Supreme Court noted that "an injury amounting only to the alleged violation of a right to have the Government act in accordance with law [is] not judicially cognizable" for purposes of standing under Article III. 504 U.S. at 575–76, 112 S.Ct. 2130. Indeed, the Court held that assertion of a right to a certain form of government conduct cannot satisfy the standing requirements of Article III "without draining those requirements of meaning." *Id.* (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 483, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

In bringing an action against the CPSC, Messier is seeking adjudication of a "generalized grievance" concerning the Commission's efforts in monitoring and regulating the use of lithium ion batteries. *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Such grievances do not establish standing under Article III. *Id.* The CPSC's motion to dismiss pursuant to Rule 12(b)(1) is therefore GRANTED.

### Conclusion

For the reasons set forth above, the CPSC's motion to dismiss (Doc. 5) is GRANTED, and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.